### HENRY E. MORTON *v.* OWNERS OF STEAMBOAT CHALMETTE et al.

Where there is no assignment of errors, no statement of facts, special verdict or bill of exceptions in the record, and it appears from the certificate of the clerk that through the negligence of the appellant a portion of the evidence on which the case was decided in the lower court, is not contained in the record, the court will *ex officio* dismiss the appeal.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *A. T. Steel*, for plaintiff and appellee. *Wolfe & Singleton* and *Durant & Hornor*, for defendant and appellant.

MERRICK, C. J. There is no assignment of errors, no statement of facts, special verdict, or bill of exceptions in the record in this case, and the certificate of the clerk is in these words, viz :

" I hereby certify that the above and foregoing eighteen pages, do contain a full and complete transcript of all the proceedings as well as of all the documents filed and all the testimony adduced (except an alias *fi. fa.* issued September, 11th 1849, and not returned by the Sheriff, and the testimony of *J. H. B. Morton* which was not reduced to writing,) on the trial of the cause wherein *Henry E. Morton* is plaintiff and owners of Steamboat Chalmette et al. are defendants, and *John Tiner* is security, instituted in this court and now on the records thereof under the No. 1993. "

It is obvious that this court is not in possession of all the evidence on which the case was decided in the lower court. The certificate of the clerk shows negligence on the part of the appellant in not causing the testimony of the witness to be reduced to writing or in procuring a statement of facts. We must dismiss this appeal *ex officio.*

It is, therefore, ordered, adjudged and decreed by the court, that the appeal in this case be dismissed at the cost of the appellant.

BUCHANAN, J., absent.